UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY BAUGH, | ) |
| *Plaintiff,* | ) ) ) No. 1:22-cv-02012-JMS-TAB |
| *vs.* | ) ) |
| FOR BARE FEET, LLC, | ) ) |
| *Defendant.* | ) |

**ORDER**

Plaintiff Kelly Baugh initiated this action against Defendant For Bare Feet, LLC ("FBF") on October 13, 2022. A bench trial in this matter is set to begin on September 30, 2024. On September 19, 2024, FBF filed a Motion to Amend Trial Exhibit List in which it seeks to amend its Final Trial Exhibit List – and actually its earlier disclosures and discovery responses – to add over 12 hours of video recordings that it has not previously produced in this case. [Filing No. 114.] The Motion is now ripe for the Court's consideration.

**I.**
**BACKGROUND**

On September 17, 2024, the Court held an attorney-only status conference related to FBF's failure to comply with a September 5, 2024 Order requiring FBF to identify its trial exhibits to Ms. Baugh by citing to the Bates numbers used on the documents when they were produced in discovery. [*See* Filing No. 108.] At the end of the status conference, FBF advised the Court and Ms. Baugh that it intended to file a motion to amend its Trial Exhibit List, seeking to add items recently discovered by FBF and not previously produced. In its Minute Entry from the status conference, the Court stated that "[a]ny motion [to amend] must include the newly-discovered

- 1 -

items as an attachment (manually filed if necessary) and FBF must physically deliver the newly-discovered items to Ms. Baugh's counsel by the close of business on September 19, 2024. To the extent the items are recordings, they must be downloaded onto a thumb drive in a way that is accessible by the Court and Ms. Baugh." [Filing No. 113 at 2.] The Court ordered Ms. Baugh to file any response to the Motion to Amend by September 24, 2024. [Filing No. 113 at 2.]

FBF filed the Motion to Amend on September 19, 2024, requesting that the Court allow it to introduce as evidence at trial nine videos of recorded Zoom meetings, where Ms. Baugh was present, involving FBF or other entities. [Filing No. 114.] FBF delivered a flash drive containing eight videos to the Court the same day. It also emailed a ninth video to the Court and to Ms. Baugh's counsel that day, stating that it had been unable to download that video onto a flash drive. The videos on the flash drive could not be opened, and Court staff advised FBF's counsel of that fact. A flash drive containing the eight videos that the Court had been unable to access was not delivered to the Court in an accessible format until September 23, 2024.

## II.
### STANDARD OF REVIEW

In its Motion to Amend, FBF relies on *Harper v. Dismukes*, 202 F.3d 273, *1 (7th Cir. 1999), in which the Seventh Circuit held that in determining whether a court should allow a party to deviate from its pretrial submissions made pursuant to the court's trial plan under Federal Rule of Civil Procedure 16(e), it should consider:

> (1) the prejudice or surprise in fact of the party against whom the proferred documents would have been submitted;
>
> (2) the ability of the party to cure the prejudice;
>
> (3) the extent to which waiver of the rule against admission of unlisted documents would disrupt the orderly and efficient trial of the case or of other cases in the court; and

(4) bad faith and willfulness in failing to comply with the court's order.

*Id.*; *see also Smith v. Rowe*, 761 F.2d 360, 365 (7th Cir. 1985).

But FBF's Motion to Amend is not simply to amend its Exhibit List. Rather, it seeks to belatedly disclose and introduce at trial exhibits that have never been produced before in this case. The Court finds that FBF's request is more appropriately considered under Federal Rule of Civil Procedure 37(c)(1), which provides that "[i]f a party fails to provide information…as required by Rule 26(a)…, the party is not allowed to use that information…to supply evidence…at a trial, unless the failure was substantially justified or is harmless." Rule 26(a)(3)(A)(iii) requires a party to provide to other parties "the following information about the evidence that it may present at trial other than solely for impeachment:…an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises." The party seeking to use evidence that it did not timely disclose bears the burden of establishing that the failure to timely disclose it was substantially justified or is harmless. *Salgado v. Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

### III.
### DISCUSSION

As noted above, rather than focusing on the four factors set forth in *Harper* as the parties do, the Court considers whether FBF has met its burden of showing that its failure to disclose the nine videos was substantially justified or is harmless to Ms. Baugh.

**A. Substantially Justified**

FBF argues that Brandon Bridges, an FBF board member, only recently discovered the videos and that while he had originally downloaded them in early 2021, he did not recall that they

existed. [Filing No. 114 at 2.] FBF also contends that Mr. Bridges was not the main point of contact at FBF regarding discovery in this case. [Filing No. 114 at 2.]

In her response, Ms. Baugh notes that Mr. Bridges and another individual initiated Zoom meetings and "would have been aware the meetings were recorded and could be downloaded." [Filing No. 123 at 5.] She asserts that even if Mr. Bridges was not the primary point of contact, "this should not relieve [FBF's counsel] of their obligation to make a diligent effort to determine whether the recordings were in [FBF's] possession by contacting other individuals such as Mr. Bridges." [Filing No. 123 at 5.]

In its reply, FBF argues that the individual who served as the main point of contact during discovery "reasonably believed that FBF did not have possession of any recorded meetings until Mr. Bridges brought the videos to [his] attention on September 13, 2024." [Filing No. 124 at 5.]

FBF relies on two circumstances to excuse its production of the nine videos – that Mr. Bridges forgot the meetings were recorded and that he was not FBF's main point of contact for discovery in any event. Given that Mr. Bridges participated in the meetings and oftentimes initiated them, [Filing No. 123-1], it follows that he once knew that the meetings had been recorded. Further, simply stating that Ms. Bridges was not the main point of contact for discovery does not excuse the failure to produce the videos. FBF explains that Will Morris "worked on gathering production documents in response to [Ms. Baugh's] requests," [Filing No. 124 at 5], and Mr. Morris also initiated and attended the meetings so was aware that they were recorded, [Filing No. 123-1]. Neither of the circumstances upon which FBF relies show that FBF's failure to produce the nine videos was substantially justified.

### B. Lack of Harm to Ms. Baugh

As to whether Ms. Baugh would be harmed by allowing FBF to rely on the nine videos at trial, FBF argues that the videos do not significantly prejudice Ms. Baugh and that she "may even find the videos useful to her claims." [Filing No. 114 at 2.] It asserts that the videos "depict real footage of Ms. Baugh interacting with the individuals she claims were discriminating against her on the basis of her gender." [Filing No. 114 at 2.] FBF notes that the Seventh Circuit allowed "new unlisted evidence…a mere six…days before trial," and argues that the new videos do not create a new cause of action or a new disputed issue of fact. [Filing No. 114 at 3.] Instead, FBF argues, the videos "merely provide additional evidence of the central issue in the case and objective consideration of this evidence would serve to either corroborate or refute the claims of the parties." [Filing No. 114 at 3.]

Ms. Baugh argues in response that admitting the videos would significantly prejudice her because she has prepared her case based on the evidence that was disclosed during the established timeline and that introduction of the videos would "hinder[ ] [her] ability to investigate, analyze, and respond effectively." [Filing No. 127 at 1-2.] Ms. Baugh further argues that "it is unknown whether the introduction of all nine videos creates a new cause of action or raises a new disputed fact, because [she] has reviewed only one of the videos." [Filing No. 127 at 2.] She notes that the video she has reviewed "provides no support of her claims." [Filing No. 127 at 2.] Ms. Baugh asserts that allowing the videos to be introduced "will require [her] to alter her approach, putting her at a disadvantage," and that she "will have missed the opportunity to depose any individuals in the recordings about what was stated." [Filing No. 127 at 2.]

In its reply, FBF states that it was not aware that Ms. Baugh could not access the videos on the first flash drive that was delivered on September 19, 2024 because Ms. Baugh's counsel did

not notify FBF that any videos were inaccessible. [Filing No. 124 at 1-2.] FBF argues that Ms. Baugh's strategy will not be substantially altered by the videos, that it is the Court's responsibility to resolve conflicts based on "the proffering of accurate and truthful information," and that every individual who appears in the videos except one is a testifying witness so Ms. Baugh will have a chance to question them at trial. [Filing No. 124 at 2-3.]

At the outset, the Court addresses the tone of FBF's reply brief.[1] FBF accuses Ms. Baugh of "straining credulity" in her response brief and blames her for any prejudice because she did not inquire regarding the flash drive. Ms. Baugh filed an amended response to FBF's motion after FBF filed its reply, clarifying that it "has just discovered the flash drive that [FBF] delivered on Thursday, September 19." [Filing No. 127.] While it appears that FBF did deliver the flash drive to Ms. Baugh's counsel on September 19, making any arguments by Ms. Baugh that she did not receive it meritless, the Court is still disturbed by FBF's tone when responding to her arguments. Rather than simply explaining that the flash drive was delivered, FBF resorts to blaming Ms. Baugh for not having enough time to review the videos. This is inappropriate and unproductive. It is also not clear whether Ms. Baugh was able to access the files on the September 19 flash drive – which presumably contained the same files as the flash drive submitted to the Court, and which the Court was unable to access. If Ms. Baugh also was unable to access the files on the flash drive, it is worth noting that it took FBF until mid-afternoon the following Monday, September 23, to finally deliver a flash drive to the Court that contained accessible videos. This is another example of FBF either disregarding the Court's orders or not paying sufficient attention to them.

---

[1] This is the second time that the Court has had to address the tone of one of FBF's filings. [See Filing No. 90 at 5.]

In any event, even if Ms. Baugh's counsel had received all nine videos in an accessible format on September 19, the Court finds that Ms. Baugh would be harmed by their admission. This case has been pending for nearly two years and the parties have been operating under the constraints of a Case Management Plan and the Final Pretrial Order.  Ms. Baugh has been appropriately preparing her case based on the evidence that FBF timely produced during discovery and timely identified in its Final Trial Exhibit List.

Two other things are noteworthy.  First is the fact that Mr. Bridges states in his Declaration that he discovered the videos on September 12, 2024.  Yet, FBF's counsel did not raise the possibility of filing the Motion to Amend for five more days, during the September 17, 2024 status conference, which was set regarding another matter.  And then, FBF did not file its Motion to Amend for two more days after that – a full week after the videos were discovered.  When viewed against the backdrop of the September 30, 2024 trial date, this delay is significant and further harmed Ms. Baugh by forcing her counsel to expend resources responding to Ms. Baugh's Motion to Amend, rather than focusing on trial preparation.  Second, FBF makes no attempt whatsoever to explain why the over 12 hours of video are relevant, other than to say that they include meetings where Ms. Baugh was present and that they might actually be helpful to her case.  Because FBF does not explain what the videos will show in terms of Ms. Baugh's case or FBF's defense, it is impossible for the Court to conclude that Ms. Baugh will not be harmed by their introduction.

Unlike a situation where a party is seeking to amend an exhibit list to add an exhibit that has already been produced or an exhibit that is a revised version of an already-produced exhibit, *see, e.g.*, *Harper*, 202 F.3d 273, at *1 (allowing amended medical report to be introduced into evidence six days before trial), here FBF seeks to introduce over 12 hours of never-before-seen video.  FBF missed the deadline to produce these videos at least three times – first, when it failed

to comply with the January 6, 2023 Case Management Plan, which required the parties to serve their initial Rule 26 initial disclosures on or before March 10, 2023, [Filing No. 15 at 2]; second, when it failed to comply with the Case Management Plan, which required FBF to file a preliminary exhibit list by March 24, 2023, [Filing No. 15 at 2]; and finally, when FBF failed to produce the videos during discovery.

Despite the tone of FBF's reply, it is not Ms. Baugh's burden to show that allowing the videos would be prejudicial. Rather, it is FBF's burden to show that failing to produce them was substantially justified and that Ms. Baugh would not be harmed by their use. FBF has not made such a showing and its Motion to Amend is **DENIED**. [Filing No. 114.]

## IV.
### CONCLUSION

As the Seventh Circuit has aptly noted, "[w]e live in a world of deadlines." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (1996). FBF missed its deadline(s) to rely on the nine belatedly-produced videos at trial and it has not sustained its burden of showing that it was substantially justified in doing so or that Ms. Baugh would not be harmed by allowing the videos in. Allowing FBF to submit and rely upon videos that it did not produce to Ms. Baugh until seven business days (at the earliest) before trial is set to begin would, in fact, harm Ms. Baugh and is at best discourteous and at worst disingenuous. Neither Ms. Baugh nor the Court should be expected to devote over 12 hours to reviewing the videos within that short timeframe, given the Court's press of other business and Ms. Baugh's counsel's trial preparation, which was necessarily and appropriately focused on evidence already produced. For the foregoing reasons, the Court **DENIES** FBF's Motion to Amend Trial Exhibit List, [114].

Date: 9/25/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**